UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTINE REULE,<br>　　Plaintiff,<br><br>v.<br><br>SHERWOOD VALLEY I COUNCIL OF<br>CO-OWNERS, INC., WAYNE MURRAY,<br>PROPERTY MASTERS, INC., JACK<br>KENNEDY, JULIE PINO, JOHN<br>STANLEY, STANLEY FAMILY<br>LIMITED PARTNERS, INC., MASC<br>AUSTIN PROPERTIES, INC., SHIRLEY<br>AUSTIN, JAMES YOUNG, HOLT &<br>YOUNG, A PROFESSIONAL<br>CORPORATION, AND COLONY<br>INSURANCE,<br>　　Defendants. | §<br>§<br>§<br>§  CIVIL ACTION NO. H-07-03170<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM AND ORDER

This proceeding is the latest in a series of lawsuits brought by *pro se* Plaintiff, Ms. Christine Reule. As often happens when a lawsuit is essentially litigated for a second time, the parties have filed a flurry of motions before the issues of the instant case have been clearly defined. To the extent possible under the Federal Rules of Civil Procedure and other applicable law, the Court will therefore rule on each motion with the goal of assisting the parties in defining their legal disputes.

I.　　BACKGROUND

Plaintiff's acrimonious relationship with Defendants, dating back to Plaintiff's purchase of her condominium in 1999, has given rise to a long series of lawsuits. Plaintiff first sued Defendant Sherwood Valley I Council of Co-Owners ("Sherwood") in Texas small claims court. Plaintiff then filed two Texas state court lawsuits against

Defendant Kenny, and another against Defendant Colony Insurance Company ("Colony"), the issuer of Sherwood's general liability insurance policy. Each of these cases appears to have been prosecuted without the assistance of counsel, and each was dismissed without prejudice. Most recently, Plaintiff filed suit *pro se* and *in forma pauperis* in federal court complaining of, among other things, a conspiracy to deprive her of her civil rights that included a Texas state court judge, an assault by Defendant Kenny, harassment, and unfair treatment under the rules and bylaws of her housing association. The district court dismissed the case and denied a motion to reconsider the dismissal. The Fifth Circuit, for the same reasons offered by the district court when the case was dismissed, affirmed the denial of the motion for reconsideration.

The instant lawsuit makes many of the same allegations as the prior federal case. Plaintiff complains of, *inter alia*: unresolved disputes about homeowner fees and electricity bills; hostile actions taken towards Plaintiff, her family, and her visitors as a result of Plaintiff's previous legal actions against Defendants; wrongful refusal by Defendants to give Plaintiff access to various financial records relating to her homeowners' association; assault by Defendant Kenny; sex discrimination and violations of the Texas Insurance Code by Defendant Colony; and unlawful debt collection practices by Defendants Austin Properties, Inc., Julie Pino, John Stanley, and James Young. Many of these claims are based in state law. The parties in the instant lawsuit, however, lack complete diversity, so the Court's jurisdiction, if any, is premised on the proper presentation of a federal question under 28 U.S.C. § 1331. According to the complaint, Plaintiff's federal claims are based on the Fair Housing Act ("FHA"), 42 U.S.C. § 3617, federal civil rights statutes, presumably 42 U.S.C. §§ 1983 and 1985, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961-68, and the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1601 *et seq.*

## II. PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Plaintiff has moved to amend her complaint (Doc. No. 36). As the Court has received no response to this motion, and because "leave shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), Plaintiff's motion will be granted.

## III. THE SUFFICIENCY OF PLAINTIFF'S FEDERAL CLAIMS UNDER 28 U.S.C. § 1915(e)(2)(B)(ii)

The instant lawsuit revives claims asserted in Plaintiff's last federal case. *See Reule v. Sherwood Valley I Council of Co-Owners et al.*, No. 4:05-cv-3197 (S.D. Tex. Sept. 12, 2005). Specifically, Plaintiff, again proceeding *in forma pauperis*, has re-alleged the same claims for violations of the FHA and federal civil rights statutes that the Honorable Nancy Atlas dismissed for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).[1] The Fifth Circuit, in affirming Judge Atlas's decision not to reconsider the dismissal, reiterated the reasoning for the underlying dismissal. *See Reule v. Sherwood Valley I Council of Co-Owners, Inc.* 235 Fed. Appx. 227 (5th Cir. 2007).

Normally, principles of *res judicata* would bar the relitigation of claims already considered by a sister court and the Fifth Circuit. In this case, however, the orders of both Judge Atlas and the Fifth Circuit were ambiguous as to whether these claims were dismissed with or without prejudice. The Court therefore declines to find that Plaintiff's federal housing and civil rights claims are precluded.

The Court does, however, reach the same conclusion as Judge Atlas and the Fifth Circuit in finding that many of Plaintiff's federal claims are without merit. Specifically, Plaintiff's claims under the FHA fail for the reason identified by the Fifth Circuit: the

---

[1] Plaintiff appears to acknowledge the similarity between the federal claims advanced in the instant case and those advanced in her prior federal case when she argues that while her other federal claims may also have been advanced in the prior case, her RICO claims are new. (*See* Pl.'s Resp. to Colony's Mot. Dismiss, Doc. No. 35, at 3.)

claims go to the habitability of Plaintiff's condominium and not to the availability of housing, and therefore fall outside the ambit of that act. *Reule*, 235 Fed. Appx. at 227-28 (citing *Cox v. City of Dallas*, 430 F.3d 734, 741 (5th Cir. 2005)). Plaintiff's civil rights claims under 42 U.S.C. § 1983, if any, fail for the reason identified by Judge Atlas: none of the defendants is a state actor. *See Reule*, No. 4:05-cv-3197 at 11 (citing *Leffall v. Dallas Indep. School Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). Plaintiff's claims under 42 U.S.C. § 1985(3), if any, also fail. A claim under that section requires a showing of animus towards a protected class, but Plaintiff's claims do not so much as suggest that any of the actions complained of were the result of any such animus. *See id; see also Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 270-71 (1993) (stating that the animus requirement of § 1985(3) "does demand . . . at least a purpose that focuses upon women *by reason of their sex*" (emphasis in original)). Finally, any Fourteenth Amendment equal protection claim, U.S. CONST. amend XIV, § 1, fails because Plaintiff's assertions do not implicate treatment by the defendants of similarly situated individuals. *Reule*, 235 Fed. Appx. at 228 (citing *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992)). These federal claims all fail to state a claim on which relief may be granted, and must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii). Given that the Court is the third federal court to speak on these claims, they must be dismissed with prejudice.

    This ruling does not, however, divest the Court of jurisdiction over the case, as Plaintiff's complaint also asserts claims under RICO and the FDCPA that have not previously been asserted in any court. Although these claims are pled with nearly fatal generality, the Court is mindful of the need to construe the allegations of a *pro se* complaint more generously than formal pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court therefore declines, without further development of facts and briefing, to find that these claims are without merit.

IV. **MOTION TO DISMISS FILED BY DEFENDANT COLONY INSURANCE**

Defendant Colony's Motion to Dismiss asserts two grounds for dismissal: lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1), and failure to state a claim under Federal Rules of Civil Procedure 12(b)(6).

Neither argument is persuasive. Colony asserts that *res judicata* and collateral estoppel preclude Plaintiff's claims against them. As noted above, however, all previous dismissals of Plaintiff's claims appear to have been without prejudice, and the Court therefore declines to find that any of Plaintiff's claims in the instant suit are precluded. Colony asserts that "the federal statutes raised by this Pro Se Plaintiff . . . are not applicable to Defendant Colony Insurance in this case in any way just based on review of the petition" (Mot. Dismiss, Doc. No. 23, at 2), but fails even to mention Plaintiff's RICO claims. Finally, Colony argues that Plaintiff has not stated a claim because "a third party claimant cannot sue an insurance company in Texas." (Mot. Dismiss, Doc. No. 23, at 2.) This argument, however, amounts to no more than a conclusory statement and fails to respond to Plaintiff's claim that she is, in fact, a party to the insurance contract. Conclusory statements alone, especially those that disregard relevant portions of a plaintiff's complaint, cannot alone support dismissal under Rule 12(b)(6). *See Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) ("To prevail on a motion to dismiss an ordinary claim under Fed.R.Civ.P. 12(b)(6), a defendant must show that 'the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)."). Colony's motion must therefore be denied, although the Court will entertain another motion to dismiss if Colony wishes to provide additional authorities.

## V. MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS WAYNE MURRAY AND PROPERTY MASTERS, INC.

Despite the fact that this litigation is still in an early stage, Defendants Wayne Murray and Property Masters, Inc. have filed a Motion for Summary Judgment (Doc. No. 40) based on four arguments: *res judicata*, statutes of limitations, the *Younger* doctrine of federal court abstention, and the Anti-Injunction Act. Plaintiff has moved to strike the motion as premature. After reviewing the pleadings, the Court agrees that the case has not been developed sufficiently to enter summary judgment. Plaintiff has not yet stated with sufficient clarity the factual and legal basis for her remaining federal claims under RICO and the FDCPA, and the Court is not confident that she has complied with Federal Rules of Civil Procedure 8(a). As such, the Court lacks a sufficient record to decide a Rule 56 motion for summary judgment, even one as deeply rooted in legal issues as the instant motion.

Instead, Plaintiff shall amend her complaint to conform with this Order. In so doing, Plaintiff shall exclude from her complaint all claims dismissed herein. Plaintiff is also advised that the amended complaint will be held to the standard recently articulated in *Cuvillier v. Taylor*: "To survive a Rule 12(b)(6) motion to dismiss, a complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)). Defendants may file additional motions for summary judgment, as appropriate and pursuant to the limitations of Federal Rules of Procedure 56, after the complaint is amended.

## VI. CONCLUSION

Plaintiff's Motion to Amend the Complaint (Doc. No. 36) is **GRANTED**. Plaintiff's federal claims under the Fourteenth Amendment, the FHA, and 42 U.S.C. §§ 1983 and 1985 are **DENIED WITH PREJUDICE**. The Motion to Dismiss filed by Defendant Colony Insurance (Doc. No. 23) is **DENIED WITHOUT PREJUDICE**. The Motion for Summary Judgment filed by Defendants Wayne Murray and Property Masters, Inc. (Doc. No. 40) is also **DENIED WITHOUT PREJUDICE**. Finally, Plaintiff is hereby **ORDERED** to file a second amended complaint consistent with this Order on or before March 7, 2008.

**IT IS SO ORDERED**.

SIGNED at Houston, Texas, on this the ___14th___ day of February, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND
AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT
ONE BY THE COURT.